UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ROGER BARTNICK,**

    Plaintiff,

v.                                           Case No: 5:13-cv-317-Oc-18PRL

**COMMISSIONER OF SOCIAL SECURITY**

    Defendants.

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). The Court has reviewed the record, the memoranda, and the applicable law. For the reasons set forth herein, the Commissioner's decision should be **AFFIRMED.**

### I. Procedural History and Summary of the ALJ's Decision

Plaintiff filed applications for DIB and SSI alleging a disability onset date of January 14, 2005. (Tr. 78-80, 405). Plaintiff's applications were denied initially, on reconsideration, and after a hearing by an administrative law judge. (Tr. 27, 29, 34-42). On September 9, 2011, the Appeals Council granted Plaintiff's request for review and remanded the case for further proceedings. (Tr. 62-65).

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

- 2 -

On remand, an ALJ held a second hearing (Tr. 398-431) and on May 17, 2012 issued a decision finding Plaintiff not disabled from January 14, 2005 through the date of his decision. (Tr. 14-25).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 14, 2005, the alleged onset date. (Tr. 17). At step two, the ALJ determined that Plaintiff had the following severe impairments: bipolar disorder, anxiety, depression, and personality disorder. (Tr. 17).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-19). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to

> Perform a full range of work at all exertional levels but with the following non-exertional limitations: The claimant is limited to simple, routine tasks where changes in the workplace are infrequent and gradually introduced. He is able to relate adequately with co-workers and supervisor, but can have only occasional general public contact.

(Tr. 19).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (Tr. 24). However, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (Tr. 24). Thus, the ALJ found that Plaintiff was not disabled from January 14, 2005, through the date of the decision. (Tr. 25). The Appeals Council denied Plaintiff's Request for Review. (Tr. 4-6). After exhausting his administrative remedies, Plaintiff timely filed the instant appeal. (Doc. 1).

## II. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §404.1520. The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted); see also *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)(per curiam). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote,* 67 F.3d at 1560;

*see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### III. Analysis

Plaintiff only raises one argument on appeal: that the ALJ's psychiatric review technique finding ("PRT") that Plaintiff has a mild impairment of concentration, persistence and pace is not supported by substantial evidence.

As required by the regulations, the ALJ applied the PRT and rated the degree of Plaintiff's limitations in four areas: daily living activities; social functioning; concentration, persistence, or pace; and episodes of decompensation. *See* 20 C.F.R. §§404.1520a(b)(2), (c)(2)-(3), 416.920a(b)(2), (c)(2)-(3); *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005)(upon a colorable claim of mental impairment, and ALJ must complete the PRT or incorporate its analysis in the decision). The ALJ concluded that Plaintiff's medically determinable impairments caused mild limitations in daily living activities and concentration, persistence, or pace; moderate limitations in social functioning; and caused no episodes of decompensation. (Tr. 18-19).

The undersigned concludes that substantial evidence supports the ALJ's conclusion that Plaintiff had a mild limitation in concentration, persistence, or pace. The ALJ considered all of the record evidence and cited the following evidence to support his finding: (1) Plaintiff reported problems concentrating when in a bad mood, but denied any difficulty completing tasks; (2) Plaintiff's mother reported that Plaintiff could follow simple and repetitive tasks, and did not constantly require the need for redirection in order to complete tasks; and (3) consultative examinations revealed that Plaintiff was able to concentrate, follow the topic of conversation, and respond in an appropriate manner; his judgment and verbal reasoning abilities appeared somewhat

- 5 -

decreased, immediate and recent memory appeared intact, attention and concentration appeared intact, and organized and goal directed thinking. (Tr. 19, 136-39, 140, 283-84, 307-09, 372).

Plaintiff does not specifically challenge any of these findings, and instead, simply asserts that no reasonable person would think that a claimant with a bipolar I disorder, and a personality disorder with antisocial and obsessive-compulsive traits would have only mild issues with concentration, persistence and pace. (Doc. 19 at 10). Of course, it is not the diagnosis but, rather, the "functional limitations caused by a condition . . . that determines disability." *Lafferty v. Astrue*, No. 5:07-cv-347-Oc-GRJ, 2008 WL 4456467, at *7 (M.D. Fla. Sept. 30, 2008).

Plaintiff argues that Dr. Benet noted that "[m]ild to moderate distractability during manic episodes limit claimant's functional ability in this area." (Doc. 19 at 10; Tr. 375). However, Dr. Benet made this statement in connection with his opinion that Plaintiff is mildly to moderately limited in understanding, remembering, and carrying out complex instructions, and in his ability to make judgments on complex work-related decisions. (Tr. 375). Accordingly, these work-related limitations are not inconsistent with the ALJ's PRT finding. Moreover, as the ALJ noted, there are no treatment records from a mental health professional, and consultative examinations, including the one performed by Dr. Benet, show that Plaintiff is able to concentrate, follow the topic of conversation, and respond in an appropriate manner; and while his judgment and verbal reasoning abilities appear somewhat decreased, his immediate and recent memory and his attention and concentration appear intact. (Tr. 136-39, 283-84, 307-09, 327, 372-73).

The only other record evidence mentioned in the "Argument" section of Plaintiff's memorandum is Dr. Benet's opinion that Plaintiff's GAF score was 50-55. (Doc. 19 at 11; Tr. 373).[2] However, a GAF score is entitled to limited weight in determining Plaintiff's functional

---

[2] Plaintiff recites excerpts from Dr. Benet's consultative evaluation in Section III

limitations. Although GAF scores frequently have been cited in Social Security disability benefits determinations, "the Commissioner has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs,' and has indicated that the GAF scores have no 'direct correlation to the severity requirements of the mental disorders listings.'" *Wind v. Barnhart*, 133 Fed. App'x 684, 692 n.5 (11th Cir. 2005)(unpublished)(quoting Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 FR 50746-01, 2001 WL 1173632 (Aug. 21, 2000). Indeed, as noted by a court in this district, "[r]eliance upon a GAF score is of questionable value in determining an individual's mental functional capacity." *Gasaway v. Astrue*, No. 8:06-cv-1869-T-TGW, 2008 WL 585113, at *4 (M.D. Fla. Mar. 3, 2008)(unpublished)(citing *DeBoard v. Commissioner of Social Security*, 211 F.App'x at 415-16).

Accordingly, the ALJ's finding that Plaintiff has mild difficulties with concentration, persistence or pace is supported by substantial evidence. Even if the evidence cited by Plaintiff undermines the ALJ's finding, "the narrowly circumscribed nature of our appellate review" precludes this Court from "'re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner] . . . even if the evidence preponderates against' the decision." *Moore*, 405 F.3d at 1213 (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

---

"Objective Medical Evidence" but does not raise any additional arguments in Section V "Argument" as to how the ALJ erred in considering Dr. Benet's opinion. (Doc. 19 at 5-6, 9-12).

- 7 -

## IV. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be **AFFIRMED.**

**DONE AND ENTERED** in Ocala, Florida, on June 11, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

District Judge

All Counsel